UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TORRIN PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:10-cv-00552 |
| | ) | |
| BOBBY WEATHERLY AND | ) | Chief Judge James F. Holderman |
| JASON LENSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT AS TO COUNTS I AND II**

Officers Bobby Weatherly ("Weatherly") and Jason Lenski ("Lenski"), (collectively "Defendants") by and through their attorneys, and for their answer to Plaintiff's Third Amended Complaint, state as follows:

**PARTIES**

1. Plaintiff is a resident of Chicago, Illinois. Plaintiff has been a resident of Chicago, Illinois at all relevant times for purposes of this Complaint.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 1.

2. Defendant Officer Bobby Weatherly ("Weatherly") is a duly-appointed police officer in the Chicago Police Department ("CPD") and has been a duly-appointed police officer in the CPD at all times relevant to this Complaint.

**ANSWER:** Weatherly admits the allegations contained in Paragraph 2.

3. Defendant Officer Jason Lenski ("Lenski") is a duly-appointed police officer in the Chicago Police Department and has been a duly-appointed police officer in the CPD at all times relevant to this Complaint.

**ANSWER:**   Lenski admits the allegations contained in Paragraph 3.

4.   The City of Chicago ("Chicago") is a city located entirely within the District. Lenski and Weatherly are employees of Chicago as police officers for the CPD.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5.   This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United Sates Constitution.

**ANSWER:**   Defendants acknowledge the existence of the Federal Civil Rights Act 42 U.S.C. §§ 1983 and admit this action is brought pursuant to allegations based on this law. Defendants deny the remaining allegations contained in Paragraph 5.

6.   This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:**   Defendants admit jurisdiction is proper in the United States District Court of the Northern District of Illinois.

7.   Venue is proper under 28 U.S.C. § 1391(b). All of the events giving rise to the claims asserted herein occurred within this District. Also, Chicago is wholly located within this District.

**ANSWER:**   Defendants admit the venue is proper in the United States District Court of the Northern District of Illinois.

## FACTS

8.   On or about December 2, 2009, Plaintiff met with Kelvin Banks ("Banks") to discuss the purchase of a puppy by Plaintiff from Banks (the "Meeting"). The Meeting was scheduled approximately one week before the Meeting took place. The Meeting took place late at night, at approximately 10:00 or 11:00 p.m., as Plaintiff and Banks had

planned. The Meeting occurred in the vestibule to the entrance of 816 W. 76th Street, Chicago, IL – where Plaintiff lives.

**ANSWER:** Defendants admit that Plaintiff and Banks met at 816 W. 76th Street, Chicago, IL on December 2, 2009. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8.

9. Plaintiff did not have any illegal substances with him at the Meeting. Nor did he intend to sell any illegal substances at or as a result of the Meeting. Plaintiff did not have any weapons on his person at the Meeting. Banks did not brandish or indicate in any way that he possessed a weapon at the Meeting.

**ANSWER:** Defendants deny that Plaintiff did not have illegal substances with him on December 2, 2009 at the time of his arrest and that he did not intend to sell any illegal substances. Defendants admit that Plaintiff did not have any weapons on his person and that Banks did not brandish or indicate that he had a weapon.

10. Upon information and belief, prior to the Meeting and unbeknownst to Plaintiff, CPD had set up surveillance in the vestibule where the Meeting took place. According to Weatherly and Lenski, Plaintiff and Banks were purportedly seeking to conduct an illegal transaction when and where the Meeting took place. Upon information and belief, Weatherly and Lenski concocted a story about a purported planned illegal transaction as a pretext to attack and to beat up Plaintiff.

**ANSWER:** Defendants admit that they conducted surveillance on the vestibule and that Plaintiff and Banks were arrested after conducting an illegal transaction. Defendants deny the remaining allegations contained in Paragraph 10.

11. While Plaintiff and Banks were discussing when Plaintiff could inspect the puppies that Banks had for sale during the meeting, Weatherly and Lenski aggressively entered the vestibule after Weatherly pretended to be intoxicated or under the influence of a controlled substance.

**ANSWER:** Weatherly admits that he entered the vestibule after witnessing an illegal transaction. Defendants deny the allegations contained in Paragraph 11.

12. Upon their entry, Weatherly and Lenski attacked Plaintiff and Banks. Upon Weatherly's entry, he immediately threw Plaintiff down to the floor and then started choking Plaintiff. Plaintiff attempted to defend himself and called to his wife for

help. Mr. Perry then left the building to run across the street where he hoped Mrs. Perry and others might be able to see what was happening.

**ANSWER:** Defendants admit that in an effort to resist arrest, Plaintiff attempted to run across the street. Defendants deny the remaining allegations contained in Paragraph 12.

13. Weatherly continued to attack Plaintiff. Weatherly jumped on Plaintiff's back and was yelling obscenities including "spit that shit up." During this time, Lenski jumped into the fray. Plaintiff fell to the ground. Plaintiff attempted to hold his head up and otherwise protect himself but Weatherly and Lenski continued to kick Plaintiff while he was on the ground and defenseless. Weatherly and Lenski were also screaming at Plaintiff while they were kicking and beating Plaintiff. During the entire altercation between Plaintiff, Weatherly, and Lenski, Plaintiff was never informed that Weatherly and Lenski were officers for the CPD. Rather, it appeared that Plaintiff was being attacked by two random men at a random time and place.

**ANSWER:** Weatherly states that he announced that he was a Chicago police officer immediately upon entry into the vestibule after witnessing an illegal transaction. Defendants deny the remaining allegations contained in Paragraph 13.

14. After beating the Plaintiff, Weatherly and Lenski grabbed Plaintiff and took him to an unmarked police car. Only after being placed in the unmarked police car, Weatherly and Lenski informed Plaintiff for the first time that he met the description of someone possessing and selling crack cocaine. This is when the Plaintiff was placed under arrest. Until then, Plaintiff did not know that Weatherly and Lenski were police officers. During the time when Plaintiff learned of his purported physical similarity to a suspect, Weatherly and Lenski were yelling obscenities and threats at Plaintiff including:

    a. Threats that Plaintiff will be raped.

    b. Threats that Plaintiff will become Weatherly's "girlfriend."

    c. Being called "bitch" repeatedly.

**ANSWER:** Defendants admit that Plaintiff was arrested and subsequently taken to an unmarked police car. Defendants deny the remaining allegations contained in Paragraph 14.

15. Eventually, Weatherly and Lenski drove Plaintiff to a police precinct building. At the building, Plaintiff repeatedly requested medical attention. All of Plaintiff's requests for medical attention were denied. Ultimately, Mr. Perry had a fractured elbow and general bruising on his body including the lower back area.

**ANSWER:** Defendants admit that they drove Plaintiff to the 6th District Chicago Police station to be processed. Defendants deny that Plaintiff requested and was denied medical attention. Defendants lack sufficient knowledge to admit or deny that Plaintiff incurred any injuries as a result of his arrest.

16. Subsequent to the Meeting, all alleged criminal acts committed by Plaintiff were dropped on December 22, 2009. The City of Chicago declared that it would not prosecute its case against Plaintiff by filing a "nolle prosequi" plea.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 16.

### Count I - - 42 U.S.C. § 1983
### Excessive Force

17. Each Paragraph of this Complaint is incorporated herein.

18. As described above, the conduct of Weatherly and Lenski constituted excessive force in violation of the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 18.

19. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 19.

20. The misconduct describe in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations contained in Paragraph 20.

21. As a result of the unjustified violation of Plaintiff's rights by Weatherly and Lenski, undertaken during Weatherly and Lenski's employment as CPD police officers, Plaintiff has suffered injury, including emotional distress.

**ANSWER:** Defendants deny the allegations contained in Paragraph 21.

## Count II - - 42 U.S.C. § 1983
### False Arrest / Unlawful Detention

22. Each Paragraph of this Complaint is incorporated herein.

23. As described more fully above, Weatherly and Lenski falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations contained in Paragraph 24.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 25.

26. As a result of the unjustified violation of Plaintiff's rights by Weatherly and Lenski, undertaken during Weatherly and Lenski's employment as CPD police officers, Plaintiff has suffered injury, including emotional distress.

**ANSWER:** Defendants deny the allegations contained in Paragraph 26.

## Count III - - Civil Conspiracy

Defendants have moved to dismiss this Count as part of a separate Motion to Dismiss and reserve the right to answer the allegations contained in this Count subject to the Court's ruling.

## Count IV - - State Law Claim
### Intentional Infliction of Emotional Distress

Defendants have moved to dismiss this Count as part of a separate Motion to Dismiss and reserve the right to answer the allegations contained in this Count subject to the Court's ruling.

## Count V- - State Law Claim

### Assault and Battery

Defendants have moved to dismiss this Count as part of a separate Motion to Dismiss and reserve the right to answer the allegations contained in this Count subject to the Court's ruling.

### Count VI - - State of Law Claim
### False Imprisonment

Defendants have moved to dismiss this Count as part of a separate Motion to Dismiss and reserve the right to answer the allegations contained in this Count subject to the Court's ruling.

### Count VII - - State Law Claim
### Respondeat Superior

Defendants have moved to dismiss this Count as part of a separate Motion to Dismiss and reserve the right to answer the allegations contained in this Count subject to the Court's ruling.

### Count VIII - - State Law Claim
### Indemnification

Defendants have moved to dismiss this Count as part of a separate Motion to Dismiss and reserve the right to answer the allegations contained in this Count subject to the Court's ruling.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all time material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201.

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, they are not liable for any of the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

### FOURTH AFFIRMATIVE DEFENSE
### STATE COMPARATIVE NEGLIGENCE LAW

That any injuries or damages claimed by the Plaintiff were caused in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by the Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to the Plaintiff by the jury in this case.

### FIFTH AFFIRMATIVE DEFENSE
### MITIGATION OF DAMAGES

To the extent that the Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by the Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury of the case.

### SIXTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/9-102

The basis for any potential liability on behalf of the City is indemnity. 745 ILCS 10/9-102. If Defendant Officers are found not liable to the Plaintiff, the City is not liable to the Plaintiff. 745 ILCS 10/9-102.

### SEVENTH AFFIRMATIVE DEFENSE
### PUNITIVE DAMAGES

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or directly by the injured party or a third party. 745 ILCS 10/2-102.

**WHEREFORE**, Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice, and for any and all further relief as this Court deems just and equitable.

Date: April 22, 2011

Respectfully submitted,

MECKLER BULGER TILSON
MARICK & PEARSON LLP

By: /s/   Thomas E. Ahlering
       Attorney for Defendants

Richard A. Devine (ARDC No. 625582)
James J. Knibbs (ARDC No. 6187670)
Tracey A. Dillon (ARDC No. 6255851)
Tifani M. Jones (#24065520)
Thomas E. Ahlering (ARDC No. 6295744)
Meckler Bulger Tilson Marick & Pearson LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Office: (312) 474-7900
Fax:    (312) 474-7898
Email: richard.devine@mbtlaw.com
       james.knibbs@mbtlaw.com
       tracey.dillon@mbtlaw.com
       tifani.jones@mbtlaw.com
       thomas.ahlering@mbtlaw.com

## CERTIFICATE OF SERVICE

  I, Thomas E. Ahlering, an attorney, hereby certify that on April 22, 2011 I electronically filed the preceding Defendants' Answer and Affirmative Defenses to the Plaintiff's Third Amended Complaint As to Counts I and II with the Clerk of the Court using the CM/ECF system. Further, I caused a true and accurate copy of the foregoing to be served on the following individual via United States mail, first class postage prepaid:

David Seidman
Enterprise Law Group
Three First National Plaza
70 West Madison Street
Suite 740
Chicago, IL 60602

            /s/ Thomas E. Ahlering
            Thomas E. Ahlering

M:\14392\pleading\Answer to 3rd Amended Complaint.doc