Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 552 | **DATE** | 6/20/2011 |
| **CASE TITLE** | Torrin D. Perry vs. Bobby Weatherly, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "Defendants' Motion to Dismiss Counts III, IV, V, VI, VII and VIII of Plaintiff's Third Amended Complaint" [49] is denied. Defendants' answer to Counts III through VIII is due on or before 7/8/2011. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 7/15/2011. Status hearing set for 7/19/2011 at 9:00 a.m. for purposes of scheduling further dates. The parties are encouraged to discuss settlement.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

    The Third Amended Complaint filed by plaintiff Torrin Perry ("Perry") against defendant Bobby Weatherly ("Weatherly") and defendant Jason Lenski ("Lenski") (together "Defendants") alleges violations of state and federal law arising from Perry's arrest by Defendants on December 2, 2009. (Dkt. No. 43 ("3d Am. Compl.").) Specifically, Perry alleges federal claims for excessive use of force (Count I) and false arrest (Count II), both in violation of 42 U.S.C. § 1983, as well as state law claims for intentional infliction of emotional distress (Count IV), assault and battery (Count V), false imprisonment (Count VI), *respondeat superior* (Count VII), and indemnification (Count VIII). Perry also claims that Defendants conspired to attack him without probable cause (Count III).

    Defendants have filed a motion to dismiss Counts IV, V, VI, VII and VIII of Perry's Third Amended Complaint on the basis that Perry's state law claims are barred by the one-year statute of limitations set forth in the Illinois Tort Immunity Act, 745 ILCS 10/8-101. (Dkt. No. 49.) Defendants also seek to dismiss Count III on the basis that Perry has failed to state a plausible claim for civil conspiracy.

    At the outset, Perry argues that Defendants waived their ability to pursue a 12(b)(6) motion by filing their answer and affirmative defenses prior to their motion to dismiss. Rule 12(b) requires that 12(b)(6) motions be "made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The rule also states, however, that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b). Defendants note that their motion to dismiss was filed less than twenty minutes after their answer and affirmative defenses, and contend that such actions comply with Rule 12(b). Defendants have also specifically referenced their motion to dismiss in their answer and have not yet affirmed or denied the allegations set forth in Counts III through VIII. Given the short period of time between Defendants' two filings, this court considers Defendants' motion to dismiss as being filed jointly with Defendants' answer and affirmative defenses and finds that Defendants have not waived their 12(b)(6) defenses in this case.

## STATEMENT

As previously mentioned, Defendants argue that Perry's state law claims are barred by the Illinois Tort Immunity Act's one-year statute of limitations. Defendants base their argument on the fact that Perry's state law claims were raised for the first time in Perry's Third Amended Complaint, which was filed more than a year after Perry's December 2, 2009 arrest. Perry asserts in his response that the state law claims at issue relate back to his previous, timely-filed complaints under Federal Rule of Civil Procedure 15(c)(1). Rule 15(c)(1)(B) allows for an amendment to relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The first three complaints filed by Perry were filed within one-year of the December 2, 2009 arrest, thus satisfying the one year statute of limitations. (*See* Dkt. Nos. 1, 7, 9.) The court further finds that the state law claims raised in the Third Amended Complaint are all derived from the same facts and circumstances concerning Defendants' conduct on December 2, 2009 as the §1983 claims alleged in the Second Amended Complaint. Specifically, the Second Amended Complaint included allegations that, on December 2, 2009, the two named police officers beat Perry and then placed him under arrest "without fact, witnesses, statements, evidence, or probable cause." (Dkt. No. 58 ("2d Am. Compl.") at 5.) The state law claims in the Third Amended Complaint are based on these same events. Moreover, in his Third Amended Complaint Perry has not alleged any facts applicable to only the state law claims, further supporting the conclusion that both the state and federal claims arose from the Defendants' same conduct. The court therefore finds Perry's state law claims properly "relate back" to his original pleadings such that the claims may be considered timely filed.

Finally, Defendants argue that Perry has failed to state a proper claim for civil conspiracy, asserting that Perry's pleading does not satisfy the requirements set forth by the Seventh Circuit in *Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009). In *Cooney*, the plaintiff alleged only that defendants engaged in "numerous other conspiratorial acts" with the aim of depriving her of custody of her children, thereby "continu[ing] the ongoing violations of [plaintiff's] Constitutional rights." *Id.* at 970-71. The court noted that a "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough" to sustain a conspiracy pleading. *Id.* at 971. Because the complaint was "bereft of any suggestion, beyond a bare conclusion, that the remaining defendants were leagued in a conspiracy with the dismissed defendants," the court in *Cooney* found insufficient factual allegations to state a plausible claim for civil conspiracy. *Id.* In his Third Amended Complaint, Perry alleges that Defendants "conspired by concerted action . . . to attack [Perry] without probable or any other cause." (3d. Am Compl. ¶ 28.) Although Count III itself does not include any additional facts that expressly pertain to establishing a conspiracy, Perry has incorporated into Count III "[e]ach paragraph of this complaint." (*Id.* ¶ 27.) Allegations found elsewhere in the Third Amended Complaint plausibly suggest a conspiracy between the two Defendants. In particular, paragraphs eleven through fourteen of the Third Amended Complaint suggest a "concerted action" insofar as Defendants together "aggressively entered the vestibule after Weatherly pretended to be intoxicated or under the influence of a controlled substance" and together attacked and detained Perry. This case is therefore distinguishable from *Cooney,* where the plaintiff alleged no facts, beyond that of a basic conclusion, to suggest the possibility of a conspiracy. *Cooney*, 583 F.3d at 971. The facts incorporated into Count III of the Third Amended Complaint go beyond that of a mere conclusion, and the court therefore accepts the pleading for civil conspiracy as plausible on its face.

For the aforementioned reasons, "Defendants' Motion to Dismiss Counts III, IV, V, VI, VII and VIII of Plaintiff's Third Amended Complaint" (Dkt. No. 49) is denied. Defendants' answer to Counts III through VIII is due on or before 7/8/2011. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 7/15/2011. Status hearing set for 7/19/2011 at 9:00 a.m. for purposes of scheduling further dates. The parties are encouraged to discuss settlement.

*James F. Holderman*