UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TORRIN PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:10-cv-00552 |
| ) | |
| BOBBY WEATHERLY AND ) | Chief Judge James F. Holderman |
| JASON LENSKI, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT AS TO COUNTS III THROUGH VIII

Officers Bobby Weatherly ("Weatherly") and Jason Lenski ("Lenski"), (collectively "Defendants") by and through their attorneys, and for their answer to Plaintiff's Third Amended Complaint as to Counts III through VIII, state as follows:

### Count III - - Civil Conspiracy

27. Each Paragraph of this Complaint is incorporated herein.

28. Weatherly and Lenski conspired by concerted action to accomplish an unlawful purpose by an unlawful means. Upon information and belief, prior to attacking Plaintiff, Weatherly and Lenski agreed to attack Weatherly without probable or any other cause. In furtherance of this conspiracy, Weatherly and Lenski committed overt acts and were willful participants in joint activity.

**ANSWER:** Defendants deny the allegations contained in Paragraph 28.

29. The conspiring Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 29.

### Count IV - - State Law Claim
### Intentional Infliction of Emotional Distress

30. Each Paragraph of this Complaint is incorporated herein.

31. As descried more fully above, Weatherly and Lenski engaged in extreme and outrageous behavior in assaulting, battering, and threatening – with no justification – Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 31.

32. By their behavior, Weatherly and Lenski intended to inflict, or knew that there was a high probability of inflicting, severe emotional distress upon Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 32.

33. Weatherly and Lenski's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 33.

34. As a result of Weatherly and Lenski's actions, Plaintiff did in fact suffer severe emotional distress, including that Plaintiff has suffered physical distress and extreme anxiety.

**ANSWER:** Defendants deny the allegations contained in Paragraph 34.

### Count V- - State Law Claim
### Assault and Battery

35. Each Paragraph of this Complaint is incorporated herein.

36. As described in the preceding paragraphs, the conduct of Weatherly and Lenski, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

**ANSWER:** Defendants deny the allegations contained in Paragraph 36.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff's constitutional rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 37.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Defendants deny the allegations contained in Paragraph 38.

39. As a result of the offensive touching, Plaintiff sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

**ANSWER:** Defendants deny the allegations contained in Paragraph 39.

### Count VI - - State of Law Claim
### False Imprisonment

40. Each Paragraph of this Complaint is incorporated herein.

41. Plaintiff was imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Weatherly and Lenski's knowledge that there was no probable cause for doing so.

**ANSWER:** Defendants deny the allegations contained in Paragraph 41.

42. The actions of Weatherly and Lenski, set forth above, were undertaken intentionally, with malice and reckless indifference to Plaintiff's constitutional rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 42.

### Count VII - - State Law Claim
### Respondent Superior

43. Each Paragraph of this Complaint is incorporated herein.

44. In committing the acts alleged in this preceding paragraph, Weatherly and Lenski were members and agents of the Weatherly and Lenski acting at all relevant times within the scope of their employment.

**ANSWER:** Defendants admit that they were employees of the Chicago Police Department on December 2, 2009 and acted at all relevant times within their scope of employment at all relevant times on December 2, 2009. Defendants deny that they committed said misconduct and therefore deny the remaining allegations contained in Paragraph 44.

45. Defendant, City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:** Defendant admits the liability of public entities to the extent the law imposes it. Defendants deny the remaining allegations contained in Paragraph 45.

### Count VIII - - State Law Claim
### Indemnification

46. Each Paragraph of this Complaint is incorporated herein.

47. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** Defendant admits the liability of public entities to the extent the law imposes it. Defendants deny the remaining allegations contained in Paragraph 47.

48. Weatherly and Lenski are or were employees of the CPD who acted within the scope of their employment in committing the misconduct described above.

**ANSWER:** Defendants admit that they were employees of the Chicago Police Department on December 2, 2009 and acted at all relevant times within their scope of employment at all relevant times on December 2, 2009. Defendants deny that they committed said misconduct and therefore deny the remaining allegations contained in Paragraph 48.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all time material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201.

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, they are not liable for any of the claims alleged because public employees are not liable for their acts or omissions in the

execution or enforcement of any law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

### FOURTH AFFIRMATIVE DEFENSE
### STATE COMPARATIVE NEGLIGENCE LAW

That any injuries or damages claimed by the Plaintiff were caused in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by the Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to the Plaintiff by the jury in this case.

### FIFTH AFFIRMATIVE DEFENSE
### MITIGATION OF DAMAGES

To the extent that the Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by the Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury of the case.

### SIXTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/9-102

The basis for any potential liability on behalf of the City is indemnity. 745 ILCS 10/9-102. If Defendant Officers are found not liable to the Plaintiff, the City is not liable to the Plaintiff. 745 ILCS 10/9-102.

### SEVENTH AFFIRMATIVE DEFENSE
### PUNITIVE DAMAGES

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or directly by the injured party or a third party. 745 ILCS 10/2-102.

**WHEREFORE**, Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice, and for any and all further relief as this Court deems just and equitable.

Date: July 8, 2011                                    Respectfully submitted,

                                                        MECKLER BULGER TILSON
                                                        MARICK & PEARSON LLP

                                                      By: /s/   Thomas E. Ahlering
                                                            Attorney for Defendants

Richard A. Devine (ARDC No. 625582)
James J. Knibbs (ARDC No. 6187670)
Tracey A. Dillon (ARDC No. 6255851)
Tifani M. Jones (#24065520)
Thomas E. Ahlering (ARDC No. 6295744)
Meckler Bulger Tilson Marick & Pearson LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Office: (312) 474-7900
Fax:     (312) 474-7898
Email: richard.devine@mbtlaw.com
       james.knibbs@mbtlaw.com
       tracey.dillon@mbtlaw.com
       tifani.jones@mbtlaw.com
       thomas.ahlering@mbtlaw.com

## CERTIFICATE OF SERVICE

I, Thomas E. Ahlering, an attorney, hereby certify that on July 8, 2011 I electronically filed the preceding Defendants' Answer and Affirmative Defenses to the Plaintiff's Third Amended Complaint As to Counts III Through and VIII with the Clerk of the Court using the CM/ECF system. Further, I caused a true and accurate copy of the foregoing to be served on the following individual via United States mail, first class postage prepaid:

Jon K. Stromsta
Enterprise Law Group
Three First National Plaza
70 West Madison Street
Suite 740
Chicago, IL 60602

/s/ Thomas E. Ahlering
Thomas E. Ahlering